Ref. No. 058988-143

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAT WORLD, INC., <br> a Minnesota corporation, <br> 7555 Woodland Drive <br> Indianapolis, Indiana 46278 <br><br> Plaintiff, <br><br> v. <br><br> PASS THE ROC ATHLETICS, INC. <br> a former New Jersey corporation <br> 72 Van Reipen Avenue, Suite 121 <br> Jersey City, NJ 07306, <br><br> and <br><br> Jarrod Greene, <br> An individual resident of New Jersey <br> 72 Van Reipen Avenue, Suite 121 <br> Jersey City, NJ 07306, <br><br> Defendants. | Civil Action No. _____ <br><br> **Jury Trial Demanded** |

## COMPLAINT

Plaintiff, Hat World, Inc. ("**Hat World**"), by and through its undersigned counsel, hereby states its Complaint against Defendants Pass the Roc Athletics, Inc. ("**PRA**" or "**Defendant**") and Jarrod Greene ("**Mr. Greene**") (collectively the "**Defendants**"), and alleges as follows:

### INTRODUCTION

1. This is an action by an athletic equipment and clothing company, and trademark holder, against an athletic clothing company, which has been defunct since 2005, and the individual who controlled and knowingly participated in the company's acts, for statutory and common law trademark infringement, and statutory and common law unfair competition.

## THE PARTIES

2. Hat World is a Minnesota corporation that maintains its principal place of business at 7555 Woodland Drive, Indianapolis, Indiana 46278.

3. Defendant Pass the Roc Athletics, Inc. is a defunct New Jersey corporation that maintained its principal place of business at 173 Grand Street, Apt. 1, Jersey City, New Jersey 07302. It appears that PRA, to the extent it continues to operate as an unincorporated business, now maintains its principal place of business at 72 Van Reipen Avenue, Suite 121, Jersey City, NJ 07306.

4. The registered agent of PRA, and its owner, is and was Defendant Jarrod Greene.

5. Despite its dissolution in 2005 for failure to file annual reports for two consecutive years, starting in 2000, upon information and belief, Defendant PRA is still operating its business in or around Jersey City, New Jersey.

6. Upon information and belief, Defendant Jarrod Greene, an individual maintaining a last known personal residence at 72 Van Reipen Avenue, Suite 121, Jersey City, NJ 07306, is and was the owner of the former corporation, Defendant Pass the Roc Athletics, Inc., and knowingly participated in the corporation's acts and individually directed and caused the corporation to engage in those acts.

7. Upon information and belief, Defendant Jarrod Greene continues to operate a business under the name Pass the Roc Athletics, Inc., although that corporation no longer exists under the law.

8. Upon information and belief, Defendant Jarrod Greene, as an individual, uses the trademark PASS THE ROC in conjunction with sports clothing, including sports clothing marketed and sold in the field of basketball.

**JURISDICTION AND VENUE**

9. This Court possesses personal jurisdiction over Defendant Pass the Roc Athletics, Inc., and venue is proper in this Court, because PRA maintains or maintained a physical address in the State of New Jersey for, but not limited to, service of process, and the injury occurred in this and other judicial districts.

10. This Court possesses personal jurisdiction over Defendant Jarrod Greene, and venue is proper in this Court, because Mr. Greene maintains a physical address in the State of New Jersey for, but not limited to, service of process, and the injury occurred in this and other judicial districts.

11. This Court has subject matter jurisdiction pursuant to the Lanham Act, as amended, 15 U.S.C. §§ 1051 *et seq.*, including 15 U.S.C. §§ 1121 and 1125, under 28 U.S.C. §§ 1331 and 1338, and based on principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

**Hat World**

13. Hat World, a privately-held athletic equipment and clothing company, manufactures and sells athletic equipment and clothing for many sports, including basketball.

14. Hat World is the exclusive owner of the entire right, title, and interest in and to the following United States Trademark Registrations, which it acquired by way of assignment from Anaconda Sports, Inc. on or about August 25, 2010. Copies of the corresponding registration certificates and United States Patent and Trademark Office ("USPTO") Trademark Assignment Abstract of Title pages are attached hereto as **Exhibit 1**:

| Mark | Reg. No. | Goods and Services |
|---|---|---|
| THE ROCK<br><br>**(Incontestable)** | 1,951,224<br><br>Filed: 2/27/1995 | *basketballs and basketball equipment, namely basketball backboards, basketball rims, and inflatable game balls, in Class 28* **[First use in commerce 06/01/1986]** |
| THE ROCK and Design | 3,333,365<br><br>Filed: 10/3/2006 | *Basketballs, in Class 28* **[First use in commerce 1986]** |
| CITY ROCK<br><br>**(Incontestable)** | 1,534,487<br><br>Filed: 9/1/1988 | *Basketballs, in Class 28* **[First use in commerce 08/1984]** |
| CITY ROCK and Design<br><br>**(Incontestable)** | 2,049,744<br><br>Filed: 5/12/1995 | *athletic clothing, namely, shirts, including T-shirts, golf shirts, sweat shirts and sport shirts; shorts; including cycling shorts, running shorts, and sweat shorts; pants, including sweat pants; swim suits; jackets; parkas; ponchos; sweaters; vests; hats; caps; headbands; warm-up suits; shoes; socks; gloves; belts; and team uniforms, in Class 25* **[First use in commerce 08/01/1986]** |
| CITY ROCK<br><br>**(Incontestable)** | 2,804,533<br><br>Filed: 2/27/2003 | *Athletic Clothing, Namely, Shirts, Including T-Shirts, Golf Shirts, Sweat Shirts and Sport Shirts; Shorts, Including Cycling Shorts, Running Shorts, and Sweat Shorts; Pants, Including Sweat Pants; Swim Suits; Jackets; Parkas; Ponchos; Sweaters; Vests; Hats; Caps; Headbands; Warm-Up Suits; Athletic Shoes; Socks; Gloves; Belts; and Team Uniforms, in Class 25* **[First use in commerce 08/01/1986]** |
| THE BIG ROCK and Design | 3,333,366<br><br>Filed: 10/3/2006 | *Basketballs, in Class 28* **[First use in commerce 1986]** |

4

| Mark | Reg. No. | Goods and Services |
|---|---|---|
| THE ROCK | 3,876,315<br><br>Filed: 9/28/2005 | *Sport whistles, in Class 9* **[First use in commerce 1986]**<br><br>*Jewelry watches, in Class 14* **[First use in commerce 1986]**<br><br>*Stationery-type portfolios; scoring books; and clipboards, in Class 16* **[First use in commerce 1986]**<br><br>*Bags, namely, travel bags, attache bags, duffel bags, tote bags, carry-all bags, and athletic bags, in Class 18* **[First use in commerce 1986]**<br><br>*Lanyards for holding keys and whistles, in Class 22* **[First use in commerce 1986]**<br><br>*Athletic equipment, namely, ball racks, and bags for carrying sport balls; footballs, in Class 28* **[First use in commerce 06/01/1998]**<br><br>*Mail order catalog services and mail order services featuring sporting equipment, sports memorabilia, athletic equipment, athletic and sports uniforms and shoes, clothing, luggage and carrying bags; and wholesale distributorship services featuring sporting equipment, sports memorabilia, athletic equipment, athletic and sports uniforms and shoes, clothing, luggage and carrying bags; retail store services featuring sporting equipment, sports memorabilia, athletic equipment, athletic and sports uniforms and shoes, clothing, luggage and carrying bags; Online retail store services in the field of sports and sports equipment; Retail store services in the field of sports and sports equipment, in Class 35* **[First use in commerce** |

| Mark | Reg. No. | Goods and Services |
|---|---|---|
| | | 03/15/2002] |

15. Hat World is the exclusive licensee of the following valid and incontestable U.S. Trademark Registrations with respect to the noted goods and services. Copies of the corresponding registration certificates and USPTO Trademark Assignment Abstract of Title pages are attached hereto as **Exhibit 2:**

| Mark | Reg. No. | Goods and Services |
|---|---|---|
| THE ROCK<br><br>**(Incontestable)** | 1,353,316<br><br>Filed:  4/18/1983 | Educational services at the collegiate level namely undergraduate, graduate and continuing education services, and entertainment services namely, theatrical productions, musical performances, athletic exhibitions, intramural, club and inter--collegiate athletic contests*, in Class 41* **[First use in commerce 12/15/1960]** |
| THE ROCK<br><br>**(Incontestable)** | 1,328,626<br><br>Filed: 4/18/1983 | *Clothing-Namely, T-Shirts, Sweat Shirts, Football Shirts, Baseball Shirts, Sweat Pants, Shorts, Sweaters, Jackets, Hats, Golf Shirts, Scarves, Robes and Nightshirts, in Class 25* **[First use in commerce 12/01/1980]** |

16. Each and every one of Hat World's federal registrations is entitled to priority based on Hat World's actual and/or constructive use of its marks before any date Defendants Pass the Roc Athletics, Inc. or Mr. Greene can claim as dates of first use.

17. The foregoing federal trademark registrations are in full force and effect, unrevoked, and subsisting.  U.S. Registration Nos. 1,951,224; 2,719,009; 1,534,487; 2,049,744; 2,804,533; 1,353,316; and 1,328,626 have become incontestable pursuant to 15 U.S.C. § 1065.

18. The marks identified in Paragraphs 14 and 15 above shall hereinafter be referred to, collectively, as the "THE ROCK Marks."

19. These federal registrations indicate there is a presumption that Hat World is the owner of these marks with the right to use them nationally.

20. In order to identify its products, Hat World and its predecessor, Anaconda Sports, Inc., have extensively used, advertised, and publicized the THE ROCK Marks. In doing so, Hat World has earned significant revenue from the sale of products and services related to the THE ROCK Marks, and has incurred substantial expense in advertising and promotions, using the THE ROCK Marks in conjunction with its products and services for more than fifteen years. As a consequence, Hat World has established and developed significant goodwill associated with the THE ROCK Marks.

### Pass the Roc Athletics, Inc.

21. Upon information and belief, Defendant Jarrod Greene formed Pass the Roc Athletics, Inc. in 1997. PRA was an athletic clothing wholesale and/or retail company, allegedly offering *athletic, casual and dress apparel, namely, T-shirts, sweatshirts, sweatpants, pants, tank tops, jerseys, shorts, sport shirts, rugby shirts, sweaters, hats, caps, warm-up suits, jackets, coats, headbands, wrist bands, polo shirts, uniforms*.

22. On December 03, 2003, Defendant Pass The Roc Athletics, Inc. filed, under Trademark Act § 1(a) and claiming a first use date of January 1997, U.S. Trademark Application No. 76/562,906 for the mark PASS THE ROC, for use with *clothing, namely, athletic, casual and dress apparel; headgear*, in Class 25.

23. During prosecution of this application, the description of goods was amended to *Athletic, casual and dress apparel, namely, T-shirts, sweatshirts, sweatpants, pants, tank tops,*

*jerseys, shorts, sport shirts, rugby shirts, sweaters, hats, caps, warm-up suits, jackets, coats, headbands, wrist bands, polo shirts, uniforms*," in Class 25 ("the Subject Mark" or the "PASS THE ROC mark").  The application matured into U.S. Registration No. 3,016,764.

24. Upon information and belief, Pass the Roc Athletics, Inc.'s corporate license was revoked October 10, 2005 for failure to file annual reports for two consecutive years – its last annual report was filed February 23, 1999.

25. Upon learning of Pass the Roc Athletic, Inc's registration, Hat World, on August 4, 2011, filed with the United States Patent & Trademark Office ("USPTO") Trademark Trial and Appeal Board ("TTAB" or "Board") a proceeding challenging the Subject Mark, specifically, Cancellation No. 92054496, to cancel the registration of the mark PASS THE ROC.

26. On May 16, 2012, Defendant Pass the Roc Athletics, Inc. filed its Section 8 Declaration of Continued Use with the USPTO, alleging the mark was in use in commerce.  This Declaration included an oath and affirmation that the signatory had been warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements and the like may jeopardize the validity of this document.

27. Because Pass the Roc Athletics, Inc. ceased to exist in 2005, the May 2012 Declaration was not accurate when submitted and thus could be considered fraud on the Patent and Trademark Office, which is punishable by, at the very least, cancellation of the federal trademark registration.

### Jarrod Greene

28. Upon information and belief, Defendant Jarrod Greene formed Pass the Roc Athletics, Inc. in 1997, but allowed the corporate registration to lapse in or before 2005.  Since

8

that time, Defendant Greene has continued to offer athletic clothing, sometimes through websites that have lapsed, such as <www.passtheroc.com> and <www.pass-the-roc.com>, as well as at trade shows and through his Facebook page, located at <https://www.facebook.com/photo.php?fbid=489227557192&set=a.489227547192.285441.179325522192&type=1&theater>.

29. Upon information and belief, Defendant Greene has used the mark PASS THE ROC sporadically since 1997, although Defendant Greene has alleged use since 1996 in some instances.

30. Upon information and belief, Defendant Greene has continued to use the mark PASS THE ROC, in his individual capacity, since at least as early as 2002, when it appears he stopped filing annual reports on behalf of Pass the Roc Athletics, Inc.

### General Time-line and Case History

31. As noted above, on August 4, 2011, Hat World filed with the USPTO Trademark Trial and Appeal Board a proceeding challenging the Subject Mark, specifically, Cancellation No. 92054496, to cancel the registration of the mark PASS THE ROC.

32. On May 25, 2012, counsel for Defendant Pass the Roc Athletics filed a Motion to Set Aside Notice of Default and filed an Answer to the Petition for Cancellation.

33. On July 30, 2012, the Board set aside the Notice of Default and reset the deadlines in the proceeding.

34. On February 13, 2014, Hat World filed its Motion for Sanctions in the Form of Entry of Judgment, as Defendant had failed to meet discovery deadlines for more than one year, and had failed to comply with the Board's Discovery Order.

35. Throughout the pendency of the Board cancellation proceeding, Defendant Greene, acting on behalf of the non-existent Defendant corporation, Pass the Roc Athletics, Inc., refused to participate in any part of the proceeding absent Board intervention, causing the proceeding to remain in its infancy more than two years after the action was commenced.

36. Both before and during the pendency of the Board cancellation proceeding, Defendant Greene and Defendant Pass the Roc Athletics, Inc., when it existed, offered athletic clothing under the mark PASS THE ROC.

37. Hat World has established rights in the THE ROCK Marks in connection with at least the goods and services set forth within its aforementioned federal registrations prior to any date upon which Defendants Pass the Roc Athletics, Inc. or Greene can rely for their use of the PASS THE ROC mark.

38. Defendants Pass the Roc Athletics, Inc. and/or Greene's use and registration of the PASS THE ROC mark create a likelihood of confusion, mistake and/or deception among consumers, within the meaning of § 2(d) of the Lanham Act, all to the detriment of Plaintiff Hat World.

39. In view of the foregoing, Plaintiff has been damaged and will continue to be damaged by virtue of Defendants' continued use of the PASS THE ROC mark.

40. Upon information and belief, the continued use of the PASS THE ROC mark by Defendants is likely to cause mistake and/or deception among consumers in the marketplace.

**CLAIMS FOR RELIEF**

**COUNT I**
**(Statutory Trademark Infringement; 15 U.S.C. Section 1114(1))**

41. Hat World hereby incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

42. Defendants have been and are currently engaged in trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), by adopting and using a mark containing the term THE ROC in conjunction with athletic clothing.

43. Defendants' use of the aforementioned mark, PASS THE ROC, is likely to cause consumer confusion, mistake, or deception in the relevant market(s).  Defendants have infringed the THE ROCK Marks, as alleged herein, with an intent to deceive the public into believing that the products they offer are approved or sponsored by, or affiliated with, Hat World.

44. Hat World has been seriously and irreparably damaged by Defendants' continued use of the PASS THE ROC mark.

45. Hat World possesses no adequate remedy at law to address the damage caused by Defendants' continued use of the PASS THE ROC mark.

## COUNT II
### (Statutory Unfair Competition; 15 U.S.C. Section 1125(a))

46. Hat World hereby incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

47. Defendants' use of marks containing the term "THE ROC" in connection with their goods and/or services constitutes false advertising, false designation of origin, and false descriptions and representations of Defendants' business activities, goods, and/or services as being associated with, sponsored by, or originating or connected with, Hat World, and amounts to using a false description and/or designation in commerce, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

48. Hat World has been seriously and irreparably damaged by Defendants' continued use of the PASS THE ROC mark.

49. Hat World possesses no adequate remedy at law to address the daminjuage caused by Defendants' continued use of the PASS THE ROC mark.

## COUNT III
### (Common Law Trademark Infringement and Unfair Competition)

50. Hat World hereby incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

51. Defendants' continued use of marks containing the term "THE ROC" in connection with their goods and/or services constitutes common law trademark infringement and unfair competition.

52. Defendants have infringed upon the THE ROCK Marks, as alleged herein, with the intent to deceive the public into believing that the goods and/or services they offer are approved or sponsored by, or affiliated with, Hat World.  Defendants' acts, as alleged herein, were committed with an intent to deceive and defraud the public.

53. Hat World has been seriously and irreparably damaged by Defendants' continued use of marks employing the term THE ROC.

54. Hat World possesses no adequate remedy at law to address the damage caused by Defendants' continued use of marks employing the term THE ROC.

## **PRAYER**

**WHEREFORE**, Hat World respectfully prays that this Court enter judgment against Defendants Pass the Roc Athletics, Inc. and Jarrod Greene as follows by:

    a. Entering an Order, pursuant to the Lanham Act, 15 U.S.C. §1119, directing the cancellation of U.S. Trademark Registration No. 3,016,764 by the Director of the USPTO;

      b.      Entering an order permanently restraining and enjoining Defendants Pass the Roc Athletics, Inc. and Jarrod Greene, and all persons acting in concert with PRA or Mr. Greene, or purporting to act on their behalf or in active concert or in participation therewith -- including, but not limited to, their parents, agents, servants, employees, representatives, and successors or assigns -- from infringing the trademarks of Hat World identified herein, from falsely designating the origin, sponsorship, or affiliation of Defendants' business, goods, and/or services with those of Hat World, from diluting the distinctive quality of Hat World's trade name, trademarks, and service marks, and from unfairly competing with Hat World in any manner whatsoever;

      c.      Entering an order, pursuant to 15 U.S.C. § 1116, directing Defendants Pass the Roc Athletics, Inc. and Jarrod Greene to file with the Court and to serve on Hat World's counsel within thirty (30) days after service of any final injunction order issued herein, or within such reasonable time as the Court may direct, a report in writing and signed under oath, setting forth in detail the manner and form by which Defendants Pass the Roc Athletics, Inc. and Jarrod Greene have complied with the injunction order;

      d.      Entering an order pursuant to 15 U.S.C. § 1118, directing Defendants to destroy all labels, signs, print, packages, wrappers, receptacles, and advertisements in the possession of Defendants, bearing the THE ROCK marks;

      e.      Awarding compensatory damages in favor of Hat World and against Defendants arising out of the alleged wrongful acts of infringement and unfair competition, in an amount to be determined at trial, and that said award be trebled;

f. Awarding an accounting and disgorgement of Defendants' profits, in favor of Hat World and against Defendants, as a consequence of Defendants' acts of trademark infringement;

g. Awarding Hat World both its costs and its reasonable attorneys' fees incurred in association with bringing this action;

h. Awarding any such other and further relief as the Court deems just and proper.

## JURY DEMAND

Hat World hereby demands a trial by jury for all issues so triable, pursuant to Federal Rule of Civil Procedure 38.

Dated: April 2, 2014                                      Respectfully submitted,

/s/ *Craig Tractenberg*
Craig Tractenberg (C.T. 6759)
**Counsel for Plaintiff Hat World, Inc.**
NIXON PEABODY LLP
437 Madison Avenue
New York, NY 10022-7039
212-940-3000 (telephone)
F: 212-940-3111 (facsimile)
ctractenberg@nixonpeabody.com

Of Counsel:

David L. May
Jeffrey S. Molinoff
NIXON PEABODY LLP
401 9th Street, NW, Suite 900
Washington, D.C. 20004-2128
(202) 585-8000 (telephone)
(202) 585-8080 (facsimile)
dmay@nixonpeabody.com
jmolinoff@nixonpeabody.com

        Robert A. Weikert
        NIXON PEABODY LLP
        One Embarcadero Center
        Suite 1800
        San Francisco, CA 94111
        (415) 984-8200 (telephone)
        (415) 984-8300 (facsimile)
        rweikert@nixonpeabody.com

14911144.3